IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LAKISHA D. HEATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 124-137 |
| ) | |
| DOCTORS HOSPITAL OF AUGUSTA and ) | |
| HCA HEALTHCARE, INC., ) | |
| ) | |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Sanctions for Failure to Attend Deposition, in which Defendants seek dismissal, or in the alternative, reasonable attorneys' fees and travel costs, for Plaintiff's failure to attend her own noticed deposition. (See doc. no. 23.) Plaintiff has not responded to the motion, and it is therefore deemed unopposed. See Loc. R. 7.5. For the reasons described below, the Court **REPORTS** and **RECOMMENDS** Defendants' sanctions motion be **GRANTED IN PART** and Defendants be **AWARDED** reasonable expenses as described below. (Doc. no. 23.)

### I.   BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint alleging employment discrimination claims. (Doc. no. 1.) The Court entered a scheduling order on February 19, 2025, (doc. no. 11), and a revised scheduling order on July 3, 2025, (doc. no. 20), after Defendants sought a forty-five-day extension of deadlines due to repeated difficulties contacting Plaintiff and scheduling her deposition, (doc. no. 19; see also doc. no. 23-2, ¶¶ 5-6).

On July 3, 2025, defense counsel and Plaintiff had a phone call discussion in which they decided on two potential dates, July 17, 2025, and July 24, 2025, for Plaintiff's in-person

deposition, which was to be held at defense counsel's law firm's office in Atlanta. (Id. ¶ 7; Defs.' Ex. A.) These dates were chosen because they aligned with dates Plaintiff would be in Atlanta for a family reunion. (Doc. no. 23-2, ¶ 7.) On July 11, 2025, defense counsel informed Plaintiff through email that her deposition would have to be taken on July 24, 2025, because defense counsel had a scheduling conflict arise for the July 17 date. (Id. ¶ 9; Defs.' Ex. C.) Defendants then formally noticed Plaintiff of the July 24 deposition on July 16, 2025, and served this notice on Plaintiff by U.S. Mail and email. (Doc. no. 23-2, ¶ 10; Defs.' Ex. D.)

On July 21, 2025, defense counsel emailed Plaintiff to confirm her deposition on July 24 and requested Plaintiff's license plate number so that Plaintiff could park at the law firm. (Doc. no. 23-2, ¶ 11; Defs.' Ex. E.) Several minutes later, defense counsel sent a follow-up email offering to reschedule the deposition for any time after August 4 if necessary, but advised Plaintiff to let her know about rescheduling as soon as possible. (Id.) Plaintiff did not respond to this series of emails. (Id.) Two days later, defense counsel provided Plaintiff with parking information for the July 24 deposition through email. (Doc. no. 23-2, ¶ 12; Defs.' Ex. F.) The email requested Plaintiff acknowledge receipt of the email, but Plaintiff did not respond. (Defs.' Ex. F.)

Plaintiff did not show for the July 24 deposition, and the court reporter issued a Certificate of Non-Appearance. (Doc. no. 23-2, ¶ 13; Defs.' Ex. G.) Twenty minutes after the deposition was scheduled to begin, defense counsel called Plaintiff. (Doc. no. 23-2, ¶ 14.) Plaintiff answered the phone and explained she did not know the deposition was scheduled for July 24. (Id.) Plaintiff then asked how long the deposition would take, but because Plaintiff was located over two hours away from the law firm, it was not possible to hold the deposition on this date. (Id.) That same day, Plaintiff emailed defense counsel to reschedule the deposition, and defense counsel responded the following day and proposed three new dates in

August 2025.  (Id. ¶ 16; Defs.' Ex. I.)  Plaintiff did not respond, and five days later, defense counsel sent a follow-up email asking which dates worked for Plaintiff.  (Id.)  When Defendants filed the instant motion for sanctions on August 8, 2025, Plaintiff had not yet responded to this follow-up email.  (Id.)  The Statement of Material Facts attached to Defendant's later-filed motion for summary judgment reveals Plaintiff was ultimately deposed on August 20, 2025.  (Doc. no. 25-2, pp. 8-120.)

Jeffrey Rappuhn, a representative from Defendant HCA Healthcare, Inc., flew from Nashville, Tennessee, to attend the July 24 deposition.  (Id. ¶ 15; Defs.' Ex. H.)  His expenses for this trip, including airfare and lodging, totaled $679.36.  (Id.)  Throughout the above-described exchange, defense counsel sent all emails to the email address used by Plaintiff on July 10, 2025, when Plaintiff was inquiring about another motion filed by Defendants.  (Id. ¶ 8; Ex. B.)  In addition to Mr. Rappuhn's expenses, Defendant seeks recovery of attorney's fees and costs associated with the July 24 deposition but did not include a calculation of such fees and costs in its motion and supporting affidavit.  (See doc. no. 23.)

## II.   DISCUSSION

"[O]nce a *pro se* . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.  These rules provide for sanctions for misconduct and for failure to comply with court orders." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Under Federal Rule of Civil Procedure 37(d), a court may order sanctions on motion if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i).  Possible sanctions include any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), including "dismissing the action or proceeding in whole or in part[.]"  Fed. R. Civ. P. 37(b)(2)(A)(v).

"[B]ecause dismissal. . . is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice." Shortz v. City of Tuskeegee, Ala., 352 F. App'x 355, 359 (11th Cir. 2009) (citing Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993)).  Thus, where a Court finds both bad faith or willfulness and the insufficiency of lesser sanctions, it may appropriately dismiss a case as a sanction.  Ultimately, "[d]ismissal under Rule 37 'is an extreme remedy and should not be imposed if lesser sanctions will suffice.'" French v. M&T Bank, 315 F.R.D. 695, 696 (N.D. Ga. 2016) (quoting Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)).

Moreover, Rule 37(d) provides "[i]nstead of or in addition to [the sanctions listed in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act . . . pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Indeed, "a district court may impose monetary sanctions 'without a showing of willfulness or bad faith on the part of the disobedient party.'" Taylor v. Taylor, 133 F. App'x 707, 709 (11th Cir. 2005) (*per curiam*) (quoting BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir.1994)).  The Court "has broad discretion in imposing a monetary sanction." Id. (citations omitted).

Here, Defendants seek dismissal of this action for Plaintiff's failure to attend her own deposition, and in the alternative, reasonable attorneys' fees and travel costs. (See doc. no. 23.)  Defendants argue dismissal is warranted because Plaintiff "willfully ignored communications regarding her deposition" following the July 3, 2025 phone call. (Id. at 6.) To support Plaintiff's failure was due to her own willfulness, Defendants argue discovery has

4

already once been extended for the purpose of taking this deposition, and Plaintiff received "multiple reminders and opportunities to reschedule" the deposition. (Id.) Defendants further explain there is no doubt Plaintiff can receive emails from defense counsel and communications from the Court based on Plaintiff's July 10, 2025 email to defense counsel about a discovery extension motion. (Id. (citing doc. no. 23-2, ¶¶ 7-8.)

Plaintiff did not respond to Defendants' sanctions motion. The Court first informed Plaintiff of her obligation to "appear and permit her deposition to be taken" if noticed at least five days in advance of the deposition in its August 21, 2024 Order. (Doc. no. 3, p. 2.) Here, Defendants noticed Plaintiff on July 16, 2025, which was over five days before the scheduled July 24, 2025 deposition. (Doc. no. 23-2, ¶ 10; Defs.' Ex. D.) Nonetheless, the Court finds the "extreme remedy" of dismissal is unwarranted at this time, as lesser sanctions in the form of monetary sanctions will suffice. French, 315 F.R.D. at 696 (citations omitted).

First, there is no evidence of bad faith, and it does not appear Plaintiff's failure to attend was willful. (See doc. no. 23.) Although defense counsel formally noticed Plaintiff's deposition on July 16, 2025, and sent Plaintiff numerous follow-up emails in the days leading up to the July 24 deposition, (doc. no. 23-2, ¶¶10-12; Defs.' Exs. D, E, F), Plaintiff responded to defense counsel's phone call that same day and stated she was unaware the deposition had been scheduled for July 24, (doc. no. 23-2, ¶ 14). She then inquired into the length of the deposition in an apparent attempt to determine if it could be completed that day. (Id.) She also emailed defense counsel to offer to reschedule, though again failed to timely respond to the dates defense counsel later offered. (Id. ¶ 16; Defs.' Ex. I.)

Based on the forgoing, Plaintiff's failure to attend her deposition was the result of own negligent failure to routinely check her email and mail. Nothing in Defendants' exhibits establishes this failure was willful and instead supports Plaintiff was simply unaware July 24

5

had been chosen as her deposition date. (See generally doc. no. 23.) Because she had no knowledge of the deposition, her failure to attend it could not have been willful.

Nonetheless, the Court would be remiss not to acknowledge that Plaintiff's conduct in repeatedly failing to regularly check her email borders on willful ignorance. However, even if the Court concluded her failure to attend her deposition was willful, monetary sanctions will sufficiently punish Plaintiff for her conduct. Assessing Plaintiff fees for Mr. Rappuhn's travel, as well as for defense counsel's time in preparing and filing the motion for sanctions, are proportional to the harm incurred by Defendants for her failure to appear. See Wouters v. Martin Cnty., Fla., 9 F.3d 924, 933 (11th Cir. 1993) ("Sanctions allowed under Rule 37 are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." (citations omitted)). Indeed, Plaintiff's deposition was ultimately taken on August 20, 2025, thereby offsetting the harm suffered by Defendants. (See doc. no. 25-2, pp. 8-120.) For these reasons, dismissal of this action is not a justifiable sanction for Plaintiff's failure to attend her July 24 deposition.

Furthermore, pursuant to Rule 37(d)(3), the Court "must require the party failing to act . . . to pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Here, Plaintiff did not respond to the motion for sanctions and thus provides no justification, much less a sufficiently substantial one, for her failure to attend her deposition. Nor could she. The declaration and exhibits attached in support of Defendants' motion reveal Plaintiff simply did not know about the deposition. (See doc. no. 23-2.) Such a lack of knowledge was not justified in light of the ample notice provided to her working email address and by U.S. mail. Plaintiff further does not establish other circumstances render an award of costs unjust. See

6

Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 915-16 (11th Cir. 2010) (*per curiam*) (finding no abuse of discretion for magistrate judge's award of fees and costs against plaintiff for plaintiff's failure to attend his own deposition where plaintiff failed to respond to the motion for sanctions). Accordingly, Plaintiff must pay the reasonable expenses, including attorneys' fees, caused by her failure to attend her own deposition.

### III. CONCLUSION

For these reasons, the Court **REPORTS** and **RECOMMENDS** Defendants' motion be **GRANTED IN PART** and Defendants be **AWARDED** $679.36 for Mr. Rappuhn's travel to the July 24 deposition, as well as the attorneys' fees incurred by defense counsel in preparing and filing the motion for sanctions. (Doc. no. 23.) However, because Defendants did not attach supporting evidence outlining proof of these fees and costs, should the presiding District Judge accept this recommendation, defense counsel shall submit within seven days of such a ruling an itemized bill of attorneys' fees and costs incurred as a result of preparing this motion. Plaintiff shall have seven days to respond with arguments or objections to Defendants' itemized bill, and the Court will then determine whether any additional fees and costs should be assessed against Plaintiff.

SO REPORTED and RECOMMENDED this 30th day of September, 2025, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA